## PAGE et al. v. HOWELL.
### No. 9603.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1940.

W. B. Waldo, of Washington, D. C., Atty., Dept. of Justice, Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., and Lawrence S. Camp, U. S. Atty., and Harvey H. Ty-

singer, Asst. U. S. Atty., both of Atlanta, Ga., for appellants.

Elbert P. Tuttle and Edward R. Kane, both of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

On December 29, 1934, appellee, Mrs. Margaret Cannon Howell, made a gift, in trust, of stock of various corporations to her four children. After deductions allowed by the statute there was a large amount subject to the transfer tax, under the provisions of the Revenue Act of 1932. Included in the gift were 12,440 shares of the common stock of the Cannon Mills Company. In making returns the taxpayer valued the Cannon stock at $26 per share. On the same day the gift was made the trustee sold 1200 shares of the Cannon stock, in blocks of 100 or 200 shares, on the New York Stock Exchange, at an average price per share of $33.41.

Section 506 of the Revenue Act, 26 U. S.C.A. Int.Rev.Code, § 1005, provides: "If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift."

Treasury Regulations 79, promulgated under the Act, provides, Article 19(3):

"The value at the date of the gift in the case of stocks and bonds, within the meaning of the statute, is the fair market value per share or bond on such date.

"The value of stocks and bonds listed upon a stock exchange shall be obtained by taking the mean between the highest and lowest quoted selling prices upon the date of the gift."

Following the formula provided by Regulations 79, the commissioner valued the Cannon stock at $33.50 per share and determined a deficiency. The taxpayer paid the tax, sought a refund in vain and brought this suit against the collector. The case was tried to a jury. A verdict was returned fixing the value of the stock at $31.50 per share. Judgment was entered in favor of appellee in the sum of $2,916.37, with interest.

Appellant assigns error to the overruling of motions for nonsuit and for a directed verdict and to certain parts of the judge's charge.

The case was submitted on stipulations as to undisputed facts and the evidence of three witnesses, who qualified as experts, and gave lengthy testimony as to the reasons for their opinions. Two of these witnesses, introduced by the taxpayer, respectively fixed the value of the stock at $26 and $25.50. The other expert, offered by appellant, fixed the value at $35 per share.

Appellant contends Treasury Regulations 79 provides a fair method of determining market value of stock and has the force of law. On the other hand, the taxpayer contends that the entire block of 12,440 shares should be valued as a whole and if put upon the market at one time would bring no more than $26 a share. This theory is supported by the testimony of her two experts.

The court charged the jury that the value of the stock would be the price that would be agreed upon by a person willing and able to buy and a person able and willing to sell when neither acted under any compulsion to buy or sell and both had reasonable knowledge of the facts. This part of the charge was not excepted to. The court further charged the jury in line with the contentions of the parties and otherwise fully on the law and left it to them to fix the value of the stock at the date of the gift.

Determining value presents a question of fact. Every element that would tend to increase or diminish the value of the gift as a whole should be considered. The formula incorporated in Regulations 79 no doubt is fair and just, if nothing else is shown than the average value, measured by transactions on the stock exchange, but it is not conclusive. The jury was entitled to consider the question as to whether the value of such a large block of stock could be accurately determined by the average price obtained from the sale of approximately one-tenth of the number of shares donated. Helvering v. Safe Deposit & Trust Co., 4 Cir., 95 F.2d 806; Commissioner v. Shattuck, 7 Cir., 97 F.2d 790; Gamble v. Commissioner, 6 Cir., 101 F.2d 565.

Since there was conflicting evidence of apparently the same probative force it was not error to overrule the motions for a nonsuit and for a directed verdict. We also find no error in the charge of the court. Other errors assigned do not require discussion.

The judgment is affirmed.